```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

IRIS D. CONERLY                   *        CIVIL ACTION

VERSUS                            *        NO: 07-4146

STATE FARM FIRE & CASUALTY        *        SECTION: "D"(1)
INSURANCE COMPANY
```

### ORDER AND REASONS

Before the court is the **"Motion for Partial Summary Judgment as to Bad Faith Claims" (Doc. No. 19)** filed by Defendant, State Farm Fire and Casualty Company. Plaintiff, Iris D. Conerly, filed a memorandum in opposition. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied in part, and granted in part.

In this matter, Plaintiff claims that State Farm failed to adjust her claim timely, fairly and in good faith, and thus Plaintiff seeks, *inter alia*, penalties under LSA-R.S. 22:658 and LSA-R.S. 22:1220. Both statutes provide for penalties when an insurer's failure to timely pay a claim after receipt of "satisfactory proofs of loss" is "arbitrary, capricious, or without probable cause." LSA-R.S. 22:658(B)(1); LSA-R.S. 22:1220(B)(5).

Further, LSA-R.S. 22:658(A)(3) provides for penalties under LSA-R.S. 22:1220 if the insurer fails to timely comply with the initiation of loss adjustment.

The court finds that Defendant has failed to submit any summary judgment evidence in support of its motion.  Thus, at this juncture, **State Farm is not entitled to summary judgment dismissal of Plaintiff's claims for penalties,** and the court accordingly **DENIES IN PART** Defendant's Motion for Partial Summary Judgment.  However, after evidence and testimony is offered at Trial, Defendant will not be precluded from moving for dismissal of such claims if the evidence and testimony show that:

(1) Defendant initiated loss adjustment timely (thus precluding penalties as set forth in LSA-R.S. 22:658(A)(3)); and

(2) Defendant did not receive satisfactory proof of loss, *or* Defendant received satisfactory proof of loss, but there is a genuine coverage issue (thus precluding a finding that Defendant was arbitrary, capricious, or without probable cause in failing to pay for more wind coverage)[1].

---

[1] *See e.g. Icklone v. Travelers Indem. Co.*, 345 So.2d 202, 203 (La. App. 3rd Cir. 1977) ("where there is a serious dispute as to the nature of the loss, thus leaving the question of coverage in doubt, the insurer's refusal to pay the claim is not arbitrary, capricious, or without probable cause").

2

On other grounds, the court **now GRANTS IN PART** Defendant's Motion for Partial Summary Judgment, because as a matter of law, the court rules that:

(1) the 2006 amendments to LSA-R.S. 22:658 (increasing the penalty from 25% to 50% of the amount due the insured and providing for reasonable attorney's fees and costs) are not retroactive and do not apply to Plaintiff's claims herein. *Sher v. Lafayette Inc. Co.*, 07-2441 (La. 4/8/08), 2007 WL 928486 at *11;

(2) prospective application of the 2006 amendments to LSA-R.S. 22:658 cannot be based upon alleged "continuing" violations because all relevant events occurred before the effective date (i.e., August 15, 2006) of the amendments to LSA-R.S. 22:658. *Sher*, 2007 WL 928486 at *9;

(3) Attorney's fees are not recoverable under LSA-R.S. 22:1220. And Plaintiff is not entitled to recover attorney's fees under Louisiana Civil Code Art 1997. *Sher*, 2007 WL 928486 at *11; and

(4) Plaintiff cannot recover penalties under both LSA-R.S. 22:658 <u>and</u> LSA-R.S. 22:1220. *Calogero v. Safeway Ins. Co.*, 753 So.2d 170, 174 (La. 2000). Because LSA-R.S. 22:1220 provides the greater penalty, it supersedes LSA-

   R.S. 22:658 such that Plaintiffs cannot recover penalties under both statutes.  *Id*.

New Orleans, Louisiana, this **13th** day of **August**, **2008**.

                              _____
                                     A.J. McNAMARA
                              UNITED STATES DISTRICT JUDGE